UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BLAKE A. JONES,

Plaintiff,

v.

UNITED STATES OF AMERICA, *et al.*,

Defendants.
____________________________ /

Case No. 26-11984

F. Kay Behm
United States District Judge

**ORDER GRANTING APPLICATION TO PROCEED WITHOUT PREPAYING FEES AND COSTS (ECF No. 6) AND SUMMARILY DISMISSING DEFENDANTS UNDER 28 U.S.C. § 1915(e)(2)**

Plaintiff Blake A. Jones filed this action on June 15, 2026. ECF No. 1. Jones then filed an application to proceed without prepaying fees and costs. ECF No. 6. The court finds that application facially sufficient and **GRANTS** it. But for the reasons explained below, all but one Defendant are dismissed from this case for failure to state a claim upon which relief can be granted, pursuant to 28 U.S.C. § 1915(e)(2). Plaintiff's claims against Defendant James Osher survive.

## I. ANALYSIS

When an individual applies to proceed *in forma pauperis*, their claim is subject to the screening standards established in 28 U.S.C.

§ 1915(e)(2). *Brown v. Bargery*, 207 F.3d 863, 865-66 (6th Cir. 2000). Congress introduced this subsection with an understanding that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Under this subsection, a court may dismiss a claim if it: "(i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted, or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke*, 490 U.S. at 325. Frivolous claims include those that are "based on an indisputably meritless legal theory" or describe "fantastic or delusional scenarios." *Id.* at 327-28.

Pursuant to Federal Rule of Civil Procedure 8(a), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The standard "does not require 'detailed factual allegations' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (citing *Bell Atlantic Corp. v.*

*Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. at 678. "Conclusory allegations are not entitled to the assumption of truth." *Washington v. Sodecia Auto.*, No. 25-1362, 2025 LX 434919, at *4 (6th Cir. Oct. 21, 2025). Additionally, a claim must exhibit "facial plausibility," meaning it includes facts sufficient to allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Jones brings claims under 42 U.S.C. § 1983 against a variety of defendants: the United States of America, the City of Detroit, Detroit Police Department, Officer James Osher, Beaumont Hospital, Havenwick Hospital, Wayne County Probate Court, the State of Michigan, and the Behavioral Center of Michigan. ECF No. 1, PageID.7-8. At the outset, the court notes that the vast majority, if not all, of Plaintiff's allegations appear at first glance to be time-barred. But he alleges that the statute of limitations was tolled by his alleged military service. *Id.* at PageID.1, 2 (citing 50 U.S.C. § 3936(a)). Assuming that is true, the court turns to the merits, and takes these defendants in turn.

*Sovereign Defendants*. The United States is not a proper defendant in a § 1983 claim. Nor is the State of Michigan. Section 1983 applies to "persons" acting under the color of state law. 42 U.S.C. § 1983. Neither States nor the United States are "persons" liable under § 1983. *See Will v. Mich. Dept. of State Police*, 491 U.S. 58, 71 (1989) (states are not "persons"); *Hamontree v. United States*, No. 16-6582, 2018 WL 1935935, at *2 (6th Cir. Feb. 1, 2018) (the United States is immune under § 1983); *McLean v. United States*, 566 F.3d 391, 401 (4th Cir. 2009) (same); *Martinez v. Winner*, 771 F.2d 424, 441-42 (10th Cir. 1985) (United States has not waived sovereign immunity for constitutional torts and federal officials are generally not liable under § 1983 unless they conspire with state officers or employees). Meanwhile, the same analysis applies to the Wayne County Probate Court. In Michigan, the probate courts are "arms of the State of Michigan, [and] are entitled to sovereign immunity under the Eleventh Amendment." *Bradley v. Wayne Cty. Third Cir. Court*, No. 23-11616, 2024 U.S. Dist. LEXIS 131733, at *8-9 (E.D. Mich. July 24, 2024) (citing *Pucci v. Nineteenth Dist. Court*, 628 F.3d 752, 762 (6th Cir. 2010)). Finally, Jones names no specific state officials against whom

prospective injunctive relief might issue. *See Boler v. Earley*, 865 F.3d 391, 410, 412 (6th Cir. 2017) ("The exception set forth in *Ex Parte Young* allows plaintiffs to bring claims for prospective relief against state officials sued in their official capacity"). Thus the United States, the State of Michigan, and the Wayne County Probate Court must be dismissed for failure to state a claim and because they are immune from the relief Plaintiff seeks.

*Medical Defendants*. Next up are Beaumont Hospital, Havenwick Hospital, and the Behavioral Center of Michigan, which all are alleged to have provided Plaintiff medical care or that they improperly did so. Beaumont, for example, allegedly saw Plaintiff in 2016, found high levels of THC in his blood, and ordered a mental health evaluation (he says they should have waited until the THC wore off). ECF No. 1, PageID.4. Havenwick Hospital allegedly "intentionally misdiagnosed" Plaintiff and improperly prescribed him sedatives. *Id.* at PageID.4, 2. And the Behavioral Center of Michigan "intentional[ly] inflict[ed] bodily harm" (*id.* at PageID.5) by giving him medications he was allergic to (*id.* at PageID.3). For plaintiffs alleging violation of § 1983, plaintiffs must claim that "1) the deprivation of a right secured by the

Constitution or laws of the United States and 2) the deprivation was caused by a person acting under color of state law." *Simescu v. Emmet County Dept. of Social Servs.*, 942 F.2d 372, 374 (6th Cir. 1991) (citing *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978)). If either element is missing, then a plaintiff's § 1983 claim will not prevail. *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991). A person is a state actor only if his or her actions are attributable to the state. *Ellison v. Garbarino*, 48 F.3d 192, 195 (6th Cir. 1995). Conduct causing a deprivation is fairly attributable to the state only if (1) it is caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the state or by a person for whom the State is responsible and (2) the party charged with the deprivation is a person who may fairly be said to be a state actor. *Herring v. City of Ecorse*, No. 24-1916, 2025 U.S. App. LEXIS 19012, at *17, 2025 WL 2105263, 2025 LX 346903 (6th Cir. July 28, 2025). None of these three Defendants are plausibly asserted to have acted under color of state law. At best, Plaintiff alleges that officers with the Detroit Police Department took him to the Behavioral Center of Michigan. But the mere allegation that police took Plaintiff to that Center against his will is not sufficient to

plausibly allege that each of the independent actions of the Center's medical staff are "fairly attributable to the state." *See Moldowan v. City of Warren*, 578 F.3d 351, 399 (6th Cir. 2009); *see also, e.g.*, *Bryant v. Steele*, 93 F. Supp. 3d 80, 90 (E.D.N.Y. 2015) (in Section 1983 cases against health care professionals, involving involuntary commitment and forced medication in private hospitals, "district courts in this Circuit have found that none of the three tests for state action—'state compulsion,' 'public function,' and 'close nexus'—were satisfied"). So each of these three healthcare Defendants must also be dismissed for failure to state a claim.

*Municipal Defendants*. The court now turns to the City of Detroit and the Detroit Police Department. Properly understood, his claims against these municipal entities are one municipal liability claim against the City of Detroit (a "*Monell*" claim). *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994); *Monell v. Dep't. of Soc. Servs.*, 436 U.S. 658 (1978). The City may be held liable only if Jones' injuries were the result of an unconstitutional policy or custom of the City. *Monell*, 436 U.S. at 694. Vicarious liability will not attach under § 1983. *City of Canton v. Harris*, 489 U.S. 378, 385 (1989). Jones, however, does not

allege an unconstitutional policy or custom within the meaning of *Monell*. He instead says that DPD "ha[s] written policies . . . in compliance with State of Michigan laws[,]" which indicates that he is instead seeking to impose vicarious liability for Osher's actions. Because he fails to allege an unconstitutional policy or custom, but instead is alleging specific unconstitutional actions taken against him, the City and DPD must be dismissed for failure to state a claim.

*Individual Officer*. That leaves Officer James Osher. Plaintiff's allegations are that on May 4, 2019, while in his capacity as a DPD officer, Osher "initiated an invalid traffic stop, [and] conducted a[n] unlawful search and seizure[.]" ECF No. 1, PageID.2-3. Osher did not submit dash cam or body-worn camera footage although DPD policy allegedly requires that. And Osher made a statement in a petition for mental health treatment that Plaintiff was known to be "heavily armed and had threatened to kill a police officer." As a result of that statement, when Plaintiff came to a precinct to collect his property, he was taken to the Behavioral Center against his will. *Id.* These allegations are somewhat barebones, but the court finds them sufficient to at least put Osher on notice of the claims against him (unlawful

search and seizure as well as unlawful seizure for psychiatric evaluation)[1] and the factual basis for those claims. At this very preliminary screening stage, the court considers the claims against Osher sufficiently pleaded.

## II. CONCLUSION

Plaintiff's claims against the United States of America, the City of Detroit, Detroit Police Department, Beaumont Hospital, Havenwick Hospital, Wayne County Probate Court, the State of Michigan, and the Behavioral Center of Michigan are **DISMISSED** for failure to state a claim on which relief can be granted and because some of these Defendants are immune from the relief he seeks. 28 U.S.C. § 1915(e)(2)(B). His claims against James Osher survive.

**SO ORDERED.**

Dated: August 7, 2026

s/F. Kay Behm
F. Kay Behm
United States District Judge

---

[1] "The Fourth Amendment requires an official seizing and detaining a person for a psychiatric evaluation to have probable cause to believe that the person is dangerous to himself or others." *Monday v. Oullette*, 118 F.3d 1099, 1102 (6th Cir. 1997).